FILED

SEP 2 1 2004

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| CHEFIK SIMO )<br>)<br>VS. )<br>)<br>MITSUBISHI MOTOR NORTH )<br>AMERICA, INC., f/k/a MITSUBISHI )<br>MOTOR SALES OF AMERICA, INC.; )<br>MITSUBISHI MOTORS CORP. AND )<br>FEDERAL EXPRESS CORPORATION ) | CIVIL ACTION NO. 7 04 22302-20 |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Chefik Simo, Plaintiff in the above-entitled and numbered cause, and files this his Original Complaint complaining of Mitsubishi Motor North America, Inc., f/k/a Mitsubishi Motor Sales of America, Inc., Mitsubishi Motors Corp., and Federal Express Corporation, and in support thereof would show the Court the following:

**1.00 PARTIES**

1.01 Plaintiff, Chefik Simo is a resident of the State of Texas.

1.02 Defendant, Mitsubishi Motor North America, Inc., f/k/a Mitsubish Motor Sales of America, Inc. (hereinafter referred to as "MMNA") is a corporation organized and existing under the laws of the State of California with its principal place of business in the State of California. Mitsubishi Motor North America, Inc. can be served with process by serving its registered agent, CT Corporation System at 75 Beattie Place; 2 Insignia Financial Plaza, Greenville, SC 29601.

1.03 Defendant, Mitsubishi Motors Corporation (hereinafter referred to as "MMC") is a foreign corporation organized under the laws of Japan, which does business within the State of South

PLAINTIFFS' ORIGINAL COMPLAINT - Page 1

Carolina. At all times relevant to this cause of action, MMC has had continuing and systematic contacts with the State of South Carolina by introducing into the stream of worldwide commerce vehicles which it designed, manufactured, tested, inspected and marketed alone, and in conjunction with or through its wholly owned and controlled subsidiary, MMNA. MMC knew at all relevant times that some of those vehicles would be sold, used and serviced in the State of South Carolina. The cause of action set out herein arises from such contacts. Service upon MMC may be accomplished by registered mail and/or pursuant to the convention on the service abroad of judicial or extraditable documents in civil or commercial matters, commonly referred to as The Hague Convention.

1.04    Defendant, Federal Express Corporation (hereinafter referred to as "FEC") is a foreign corporation formed and existing in the laws of the State of Delaware with its principal place of business in the State of Tennessee. F E C may be served by serving its registered agent, CT Corporation Systems at 75 Beattie Place, 2 Insignia Financial Plaza, Greenville, SC 29601.

## 2.00    VENUE AND JURISDICTION

2.01    The amount in controversy, exclusive of interest and costs, exceeds minimum jurisdictional limits of this court.

2.02    Jurisdiction is proper in this Court as there is complete diversity of citizenship between the parties as provided by 28 U.S.C. § 1332(a).

2.03    Venue is proper in the Spartanburg Division, pursuant to 28 U.S.C. § 1391 because all or part of the cause of action accrued in this division.

### 3.00  STATEMENT OF FACTS

3.01   On or about October 11, 2002 at approximately 2:50 a.m., Phillip Gray Griffin was heading southbound on Interstate 26 in his 2000 Mitsubishi Montero Sport LS sport utility vehicle, VIN # JAN1531H4YP010847, when he swerved into the center lane trying to avoid a slow moving vehicle in front of him.

3.02   Mr. Simo was a passenger in the front seat of Mr. Griffin's Mitsubishi Montero LS vehicle.

3.03   Without leaving the highway, the Montero rolled one or more times, coming to rest on the highway.

3.04   After the vehicle came to rest following the roll sequence, a truck owned and operated by FEC collided with the Mitsubishi Montero.

3.05   As a result of the accident in question, Chefik Simo suffered serious, disabling ane permanent injuries.

### 4.00  STRICT LIABILITY

4.01   At all times material to this action, MMNA and MMC were in the business of designing, testing, approving, manufacturing, marketing, distributing, selling and supplying motor vehicles including the Montero for use in South Carolina and elsewhere throughout the United States.

4.02   At the time the Montero Sport LS left the control of MMNA and MMC, it was defective and unreasonably dangerous to a person who might reasonably be expected to use it. These defects include, but are not limited to, the Montero had steering and handling characterics which resulted in an unreasonable propensity to rollover during normal, expected and foreseeable use.

Furthermore, the Montero lacked adequate and sufficient warnings and instructions about the risks, dangers and harms presented by the Montero and reasonable means to reduce such risks, dangers and harms.

4.03   The Montero was expected to reach, and did reach, the user and/or consumer without substantial change to the condition in which it was sold.

4.04   It was foreseeable to MMA and MMNA that the Montero could and would be operated in such a manner as to initiate rollover of the Montero as occurred in the accident in question.

4.05   The manufacturing, design and marketing defects in the Montero were a proximate and/or producing cause of Chefik Simo's injuries and damages.

**5.00   NEGLIGENCE**

A.   Mitsubishi

5.01   MMC and MMNA had a duty to act reasonably and prudently in the design, manufacture, marketing, and/or sale of the 2000 Mitsubishi Montero Sport and other vehicles similar to it. The Defendants breached its duty, by and among other acts and/or omissions, designing, manufacturing, distributing, and promoting and selling a vehicle that was known by the Defendant or should have been known to be prone to rollover in situations that were foreseeable and common during the life expectancy of this vehicle; and in failing to warn the users of this vehicle of its dangerous propensity to rollover under foreseeable and normal driving conditions; and in failing to provide the means to significantly reduce the risk of rollover and injury.

5.02   Such negligence was a proximate cause of damages to Chefik Simo.

      B.   <u>Federal Express Corporation</u>

5.03   At all material times herein, FEC was acting by and through its employee, Neal Fournier. As a result, FEC is vicariously liable for the negligent acts of Mr. Fournier.

5.04   FEC had a duty to operate the truck in question in a reasonable and prudent manner and on the occasion in question breached such duty by, among other acts, failing to keep a proper lookout; failing to adequately control speed; failing to timely apply brakes; failing to maintain an adequate following distance; failing to take proper evasive action to avoid the collision in question.

5.05   Such negligence was a proximate cause of the injuries sustained by Chefik Simo.

## 6.00   DAMAGES

6.01   As a proximate result of the above-described acts and/or omissions on the part of the Defendants, jointly and severally, by and through their vice principals, agents, employees, and representatives, the Plaintiff, Chefik Simo has sustained serious, disabling and permanent injuries.

6.02   As a result of such injuries, he has suffered in the past and in reasonable probability will continue to suffer in the future physical pain, suffering and mental anguish.

6.03   He has incurred medical expenses in the past and in reasonable probability will require future medical, therapy and rehabilitative expenses.

6.04   He has suffered a loss of earning capacity in the past and will continue to suffer a loss of earning capacity in the future. He has suffered physical disfigurement and physical impairment in the past and in reasonable probability will continue to suffer physical disfigurement and physical impairment in the future.

6.05    The amount of damages incurred by Mr. Simo are well above the minimum jurisdictional limits of this court.

7.00    **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendants be cited to appear and answer these allegations, and that upon final hearing of this matter, Plaintiff have judgment of and from the Defendants, jointly and severally as follows:

- A.   for all past and future damages;

- B.   for all costs of court allowed by the Federal Rules of Civil Procedure and/or deemed appropriate by the Court;

- C.   for pre-judgment and post-judgment interest as allowed by South Carolina law; and

- D.   for such other and further relief, both general and special, at law and equity to which Plaintiff may show himself justly entitled.

Respectfully submitted,

KENNETH C. ANTHONY, JR.
Anthony Law Firm, P.A.
P. O. Box 3565
Spartanburg, South Carolina   29304
Id No. 1102
(864) 582-2355

ATTORNEY FOR PLAINTIFF
CHEFIK SIMO