IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Chefik Simo, ) | |
| ) | C.A. No. 7:04-22302-HMH |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| vs. ) | |
| ) | |
| Mitsubishi Motors North America, Inc., ) | |
| f/k/a Mitsubishi Motor Sales of America, ) | |
| Inc.; Mitsubishi Motors Corp.; and Federal ) | |
| Express Corporation, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Mitsubishi Motors North America, Inc. and Mitsubishi Motors Corp.'s (collectively "Mitsubishi") motion for partial summary judgment. After review, the court denies Mitsubishi's motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On October 11, 2002, at approximately 2:50 a.m. Phillip Griffin ("Griffin") was driving southbound on Interstate 26 in a Mitsubishi Montero Sport LS sport utility vehicle ("Montero Sport"). (Compl. ¶ 3.01.) Chefik Simo ("Simo") was a passenger in the front seat of the car with Griffin. (Id. ¶ 3.02.) While driving, Griffin approached a "slow moving vehicle" and "swerved into the center lane to avoid" hitting the vehicle. (Id. ¶ 3.01.) Griffin's response caused the car to roll at least once, coming to a stop in the highway. (Id. ¶ 3.03.) Shortly thereafter, a tractor trailer truck owned and operated by Federal Express Corporation ("FEC") collided with the vehicle. (Id. ¶ 3.04.) As a result of the accident, Simo was injured. (Id. ¶ 3.05.)

Simo alleges that the Montero Sport driven by Griffin was "defective and unreasonably dangerous to a person who might reasonably be expected to use it" due to "steering and handling characteristics which resulted in an unreasonable propensity to rollover during normal, expected and foreseeable use." (Compl. ¶ 4.02.) Further, Simo alleges that "the Montero lacked adequate and sufficient warnings and instructions about the risks, dangers and harms presented by the Montero and reasonable means to reduce such risks, dangers and harms." (Id.) Simo alleges that Mitsubishi is liable on a strict liability theory for its design of the Montero Sport.

Simo also alleges that Mitsubishi was negligent in designing, manufacturing, distributing, promoting, and selling "a vehicle that was known by the Defendant or should have been known to be prone to rollover in situations that were foreseeable and common during the life expectancy of this vehicle"; "in failing to warn the users of this vehicle of its dangerous propensity to rollover under foreseeable and normal driving conditions"; and "in failing to provide the means to significantly reduce the risk of rollover and injury." (Id. ¶ 5.01.)

Finally, Simo alleges that FEC breached its duty to operate its truck in a reasonable and prudent manner by "failing to keep a proper lookout; failing to adequately control speed; failing to timely apply brakes; failing to maintain an adequate following distance; [and] failing to take proper evasive action to avoid the collision in question." (Id. ¶ 5.05.) Simo seeks that the Defendants be jointly and severally liable for "all past and future damages," costs, pre-judgment and post-judgment interest. (Id. ¶ 7.00.)

On January 3, 2006, Mitsubishi filed a motion for partial summary judgment on "Plaintiff's Prayer for Punitive Damages."[1] (Mitsubishi's Mem. Supp. Partial Summ. J. 1.) Mitsubishi first argues that Simo cannot recover punitive damages under his strict liability claim. Moreover, Mitsubishi argues that Simo "cannot present clear and convincing evidence that Mitsubishi acted with malicious intent in designing the 2000 Montero Sport." (Mitsubishi's Mem. Supp. Partial Summ. J. 9.)

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly

---

[1] Simo did not specifically request punitive damages in his complaint. However, Simo's failure to request punitive damages does not bar him from recovering punitive damages in the lawsuit. See Tucker v. Reynolds, 233 S.E.2d 402, 404 (S.C. 1977) ("Punitive damages, not being special damages, need not be specially pleaded or demanded by that name, it being sufficient that the facts alleged justify an award of such damages.")

3

preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the plaintiff, not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the defendant's summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F.Supp. 2d 596, 604 (D. Md. 1998).

### B. Claims

Simo alleges causes of action for negligence and strict liability against Mitsubishi. Under both causes of action, Simo must establish the same three elements:

> (1) that he was injured by the product; (2) that the product, at the time of the accident, was in essentially the same condition as when it left the hands of the defendant; and (3) that the injury occurred because the product was in a defective condition unreasonably dangerous to the user.

Dema v. Shore Enters., Ltd., 435 S.E.2d 875, 876 (S.C. Ct. App. 1993). Mitsubishi first argues that Simo may not recover punitive damages on his strict liability claim. Simo did not specifically oppose this argument in his response.

"Recovery of punitive damages is not allowed under a cause of action based solely upon the South Carolina strict liability statute." Barnwell v. Barber-Coleman Co., 393 S.E.2d 162, 164 (S.C. 1989). In Barnwell, the plaintiff alleged various causes of action but

proceeded to trial solely on his strict liability claim. Id. at 162. Hence, Barnwell precludes Simo from recovering punitive damages if he proceeds to trial merely on the strict liability claim. However, Simo also alleged a negligence claim against Mitsubishi. "Punitive damages are recoverable in a negligence cause of action when the defendant's conduct rises to the level of a willful, wanton, or malicious violation of the plaintiff's rights. A conscious failure to exercise due care constitutes willfulness." Scott by McClure v. Fruehauf Corp., 396 S.E.2d 354, 357 (S.C. 1990) (distinguishing Barnwell on the basis that the plaintiff pursued and prevailed on both claims of strict liability and negligence and could recover punitive damages on the negligence cause of action. Id. at 358.) (Internal citation omitted). Therefore, if this case proceeds to trial and Simo prevails solely on a strict liability theory, Simo may not recover punitive damages. However, if Simo prevails both on his negligence and strict liability theories, punitive damages may be available to him.

Mitsubishi further argues that Simo cannot recover punitive damages on his negligence claim because he cannot show that Mitsubishi acted "with malicious intent in designing the 2000 Montero Sport." (Mitsubishi's Mem. Supp. Partial Summ. J. 9.) The test "by which a tort is to be characterized as reckless, wilful or wanton is whether it has been committed in such a manner or under such circumstances that a person of ordinary reason or prudence would then have been conscious of it as an invasion of the plaintiff's rights." Rogers v. Florence Printing Co.,106 S.E.2d 258, 263 (S.C. 1958). However, "[a] conscious failure to exercise due care constitutes willfulness" for purposes of a punitive damages award. Scott, 396 F.3d at 357. In order to receive punitive damages, "the plaintiff has the burden of proving such damages by clear and convincing evidence." S.C. Code Ann. § 15-33-135.

5

Clear and convincing evidence is regarded as "evidence . . . of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established, and, as well, as evidence that proves the facts at issue to be highly probable." Jimenez v. DaimlerChrysler Corp., 269 F.3d 439, 450 (4th Cir. 2001) (internal quotation marks and citations ommitted).

Viewing the facts in the light most favorable to Simo, there is sufficient evidence on which a jury could find that Mitsubishi willfully, wantonly, or recklessly sold and marketed the Montero Sport when it knew or should have known that the vehicle was prone to rollover.

It is therefore

**ORDERED** that Mitsubishi's motion for partial summary judgment is denied.

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
February 8, 2006